# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHRISTOPHER PAIGE and | ) | Chapter 7 |
| MICHELE PAIGE, | ) | |
| | ) | Case No. 5:11-bk-05957-JJT |
| Debtors | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| CHRISTOPHER PAIGE | ) | |
| MICHELE PAIGE, | ) | |
| | ) | |
| | ) | |
| Defendants/Movants | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LMF, | ) | Adv. No. 12-ap-00067-JJT |
| | ) | |
| | ) | |
| Plaintiff/Respondent | ) | |

FILED
WILKES-BARRE, PA.
2013 MAR -1 AM 11:56
CLERK, U.S. BANKRUPTCY COURT

## DEBTOR-DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED.R.BANKR.P. 9011(b) AND/OR 28 U.S.C.S. SEC. 1927 AND/OR THE COURT'S INHERENT POWERS

1. Pursuant to Local Bankruptcy Rule 7002-1, which incorporates Local Rule 7.5, Debtor-Defendants will file a Memorandum of Law in support of this Motion within fourteen (14) days. Unfortunately, I am suffering from partial paralysis, which severely impairs my ability to speak and read, thereby necessitating this delay.

1

2. In addition, I respectfully request that this Court delay any hearing on this Motion required under Local Bankruptcy Rule 9073 - 1 (b)(2) until June in order to accommodate my aforementioned illness.[1]

3. Pursuant to Fed.R.Bankr.P. 9011(c)(1)(A), Debtor-Defendants served the requisite Notice upon LMF on January 31, 2013. *See* Exhibit A.

4. Pursuant to Fed.R.Bankr.P. 9011 and/or 28 U.S.C.S. 1927 and/or this Court's inherent powers, this Court must sanction LMF for any and/or all of the following reasons:

   a. After LMF filed its Complaint (Adv.Dkt. #1) seventy-eight (78) days late without "cause," LMF knowingly made false statements of material fact and law in order to fabricate "cause" for its late filing, thereby successfully deceiving this Court; and/or

   b. LMF intentionally filed an objectively frivolous Proof of Claim Against Christopher Paige (Dkt. #85 & Dkt. #87); and/or

   c. LMF intentionally filed an objectively frivolous Complaint (Adv.Dkt. #1); and/or

   d. After repeated warnings from us, the Trustee, and this Court, LMF continued to pursue its objectively frivolous Proof of Claim (Dkt. #85 and Dkt. #87) and Complaint (Adv.Dkt. #1); and/or

   e. LMF continued to pursue its objectively frivolous Proof of Claim Against Christopher Paige (Dkt. #85 & Dkt. #87) after this Court's judgment of August 15, 2012, rendered its claims untenable; and/or

---

[1] Although my doctors cannot assure me that I will recover, they have assured me that my recovery will take a few weeks or months at best. If my condition proves permanent, I will need a few weeks to make other arrangements.

2

f. LMF asserted the wrong legal standard for motions to reconsider, falsely and frivolously citing the standard for reconsiderations of final judgments rather than the standard for reconsideration of interlocutory orders. *See* LMF's Memorandum and Response to Debtors' Motion to Reconsider (Adv.Dkt. #58); and/or

g. LMF maliciously prosecuted its frivolous Proof of Claim (Dkt. #85 & Dkt. #87) and Complaint (Adv.Dkt. #1) in order to discriminate against my wife and to retaliate against me.

5. This is not a case in which one party failed to disclose controlling authority - although that happened too. *See, e.g.*, LMF's Response, p. 4 (Adv.Dkt. #9) (abandoning LMF's contract theory in support of its attempt to enforce the disputed Stipulation (Dkt. #40) *as superfluous*, but failing to mention the Third Circuit's controlling contrary authority in <u>Orange Theatre Corp. v. Rayhertz Amusement Corp.</u>, 130 F.2d 185 (3rd Cir. 1942), thereby leading to this Court's patently erroneous decision of August 1, 2012 (Adv.Dkt. #40 & #41), which adopted the very contact theory that the Third Circuit forbade!).

6. And this is not a case in which one party made ridiculous claims that they either knew or should have known had no basis in law or fact - although that happened too. *See, e.g.*, LMF's Memorandum and Response to Debtors' Motion to Reconsider, p. 2 (Adv.Dkt. #58) (citing standard for reconsideration of final judgments, rather than standard for reconsideration of interlocutory orders).

7. Rather, this is a case in which one party (LMF) willfully, deliberately, and with malice aforethought made false statements of material fact in order to manufacture claims when they knew, or should have known, none existed. *See, e.g.*, Mr. Goodchild's testimony of March 1,

3

2012 Tr. 3/1/12, pp. 78-81 (Dkt. #86), *but cf.* Mr. Goodchild's contradictory corroboration of Ms. Spott's representations on January 5, 2012, Tr. 1/5/12 (Dkt. #63).

8. This case is, therefore, the quintessential example of the Third Circuit's definition of sanctionable misconduct under Fed.R.Bankr.P. 9011. *See, e.g.,* Galardo v. Ethyl Corp., 835 F. 2d 479, 482 (3rd Cir. 1987) (citing Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157-58 (3rd Cir. 1986)).

9. Either in addition and/or alternatively, LMF's conduct violates 28 U.S.C.S. Sec. 1927 because this case would have ended on or about January 5, 2012 but, for LMF's misconduct. In re Schaefer Salr Recovery, Inc., 542 F.3d 90, 105 (3rd Cir. 2008) (holding that 28 U.S.C.S. Sec. 1927 applies in bankruptcy proceedings).

10. Either in addition and/or alternatively, to the extent LMF's misconduct transcends mere frivolity to become actual fraud and/or to the extent that Fed.R.Bankr.P. 9011 does not provide adequate remedies for *pro se* debtors in our unique circumstances, Debtor-Defendants seek sanctions under this Court's inherent powers, which are intended to sanction misconduct beyond the purview of other rules. *See, e.g.,* Hannon v. Countrywide Home Loans, Inc. (In re Hannon), 421 B.R. 728, 734-5 (Bankr.M.D.Pa. 2009); Simon v. FIA Card Servs., N.A., 2012 U.S. Dist LEXIS 98225, *9 n. 2 (D. N.J. 2012) (citing B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 240-41 (B.A.P. 9th Cir. 2008)). Quite simply, LMF's assault upon this Court's "temple of truth" necessitates sanctions under this Court's inherent powers, even if it cannot be adequately punished under Fed.R.Bankr.P. 9011. *See, e.g.,* Chambers v. NASCO, Inc. 501 U.S. 32, 45-6 (1991).

4

11. In lay terms, this Court needs only fashion an appropriate remedy sufficient to deter LMF and/or its would-be imitators and compensate us for our monetary and non-monetary damages, regardless of which theory it invokes. *See, e.g.*, Chambers v. NASCO, Inc., 501 U.S. 32, 46, 55 (1991) (court acting under inherent powers must fit the punishment to the wrong in order to deter wrongdoers and compensate victims); Galardo v. Ethyl Corp., 835 F. 2d 479, 482 (3rd Cir. 1987) (noting that court acting under Rule 11 must deter violators and compensate victims).

12. More specifically, all of the following filings are frivolous and/or filed for unlawful purposes and/or predicated upon false material statements of fact and law:

   **a.** LMF's Motion to Extend Filing Deadline for 523 - 727 Complaint (Dkt. #35);

   **b.** LMF's Motion for Relief from Automatic Stay (Dkt. #50);

   **c.** LMF's Memorandum and Reply in Support of Motion for Relief from Automatic Stay (Dkt. #68);

   **d.** LMF's Memorandum and Reply in Support of Motion to Extend Time for Filing Complaint to Determine Dischargeability (Dkt. #69);

   **e.** LMF's Proof of Claim (Dkt. #85 & Dkt. #87);

   **f.** LMF's Answer of LMF to Debtors' Objection to Proof of Claim Against Christopher Paige (Dkt. #96);

   **g.** LMF's Motion for Relief from Automatic Stay (Dkt. #97);

   **h.** LMF's Answer to Debtors' Second Objection to Proof of Claim Against Christopher Paige (Dkt. #102);

   **i.** LMF's Complaint (Adv.Dkt. #1);

5

j. LMF's Memorandum and Response to Motion to Dismiss and/or Strike Complaint (Adv.Dkt. #9);

k. LMF's Motion Under Rule 7016 to Apply the Doctrine of Collateral Estoppel (Adv.Dkt. #16);

l. LMF's Memorandum and Reply Brief in Support of Rule 7016 Motion to Apply the Doctrine of Collateral Estoppel (Adv.Dkt. #49);

m. LMF's Memorandum and Omnibus Reply to Debtors' Dispositive Motions (Adv.Dkt. #51);

n. LMF's Answer to Debtors' Statement of Undisputed Facts in Support of Debtors' First Dispositive Motion for Judgment on LMF's Counts I-IV (Adv.Dkt. #52);

o. LMF's Answer to Debtors' Statement of Undisputed Facts in Support of Debtors' Second Dispositive Motion for Judgment on LMF's Counts I-IV (Adv.Dkt. #53);

p. LMF's Answer to Debtors' Statement of Undisputed Facts in Support of Debtors' Dispositive Motions for Judgment on LMF's Claims Under 11 USC Section 727, aka Counts V-VIII (Adv.Dkt. #54);

q. LMF's Answer to Debtors' Statement of Undisputed Facts in Support of Debtors' First Dispositive Motion for Judgment (Adv.Dkt. #55);

r. LMF's Answer to Debtors' Statement of Undisputed Facts in Support of Debtors' Second Dispositive Motion for Judgment (Adv.Dkt. #56);

s. LMF's Answer to Debtors' Statement of Undisputed Facts in Support of Debtors' Third Dispositive Motion for Judgment (Adv.Dkt. #57);

6

**t.** LMF's Memorandum and Response to Debtors' Motion for Reconsideration (Adv.Dkt. #58).

13. The filings referenced in Paragraph 12 above are frivolous and/or filed for unlawful purposes and/or predicated upon false material statements of fact and law for all of the reasons identified in the following documents:

    **a.** Debtors' Motion to Dismiss Adversary Proceeding (Adv.Dkt. #4);

    **b.** Debtors' Brief in Support of Motion to Dismiss (Adv.Dkt. #6);

    **c.** Debtors' Answer and Motion to Dismiss (Adv.Dkt. #12);

    **d.** Debtors' Motion to Dismiss Counts V-VIII (Adv.Dkt. #20);

    **e.** Debtors' First Dispositive Motion for Judgment on LMF's Counts I-IV (Adv.Dkt. #22);

    **f.** Debtors' Statement of Undisputed Material Facts in Support of Debtors' First Dispositive Motion for Judgment on LMF's Counts I-IV (Adv.Dkt. #23);

    **g.** Debtors' Second Dispositive Motion for Judgment on LMF's Counts I-IV (Adv.Dkt. #24);

    **h.** Debtors' Statement of Undisputed Material Facts in Support of Debtors' Second Dispositive Motion for Judgment on LMF's Counts I-IV (Adv.Dkt. #25);

    **i.** Debtors' Dispositive Motion for Judgment on LMF's Claims Under 11 U.S.C. Section 727, aka Counts V-VIII (Adv.Dkt. #26);

    **j.** Debtors' Statement of Undisputed Material Facts in Support of Debtors' Dispositive Motion for Judgment on LMF's Claims Under 11 U.S.C. 727, aka Counts V-VIII (Adv. Dkt. #27);

    **k.** Debtors' First Dispositive Motion for Judgment (Adv.Dkt. #28);

l. Debtors' Statement of Undisputed Material Facts in Support of Debtors' First DIspositive Motion for Judgment (Adv.Dkt. #29);

m. Debtors' Second Dispositive Motion for Judgment (Adv.Dkt. #30);

n. Debtors' Statement of Undisputed Material Facts in Support of Debtors' Second Dispositive Motion for Judgment (Adv.Dkt. #31);

o. Debtors' Third Dispositive Motion for Judgment (Adv.Dkt. #32);

p. Debtors' Statement of Undisputed Material Facts in Support of Debtors' Third Dispositive Motion for Judgment (Adv.Dkt. #33);

q. Debtors' Opposition to LMF's Rule 7016 Motion (Adv.Dkt. #35);

r. Debtors' Brief in Support of Debtors' Opposition to LMF's Rule 7016 Motion (Adv.Dkt. #36);

s. Debtors' Omnibus Reply Brief in Support of Debtors' Dispositive Motion (Adv.Dkt. #63):

t. Debtors' Reply Brief in Support of Debtors' Motion to Reconsider (Adv.Dkt. #64);

u. Debtors' Exhibit 1 from Hearing of 8/15/12, referenced at Adv.Dkt. #65;

v. Debtors' Answer to Motion for Relief from Automatic Stay (Dkt. #54);

w. Debtors' Objection to LMF's Proof of Claim (Dkt. #90);

x. Debtors' Answer, Opposition, and Brief in Support Thereof (Dkt.#99);

y. Debtors' Objection to Claims (Dkt. #100);

z. Debtors' Answer to LMF's Renewed Motion for Relief from Automatic Stay (Dkt. #103);

aa. Debtors' Brief in Support of Debtors' Objection (Dkt. #104);

bb. Debtors' Pre-Hearing Brief (Dkt. #112); and

cc. Debtors' First Notice for Sanctions of July 20, 2012.

14. Either in addition and/or alternatively, all of the filings referenced in Paragraph 12 above are frivolous and/or filed for an improper purpose and/or predicated upon false statements of material fact and/or law for all of the reasons previously identified by the Court at its hearings on January 5, 2012; March 1, 2012; May 23, 2012; June 13, 2012, and August 15, 2012.

15. Either in addition and/or alternatively, all of the filings referenced in Paragraph 12 above are frivolous and/or filed for an improper purpose and/or predicated upon false statements of material fact and/or law for all of the reasons previously identified by the Trustee at the hearing on March 1, 2012 and/or in his previous correspondence with LMF.

16. More specifically, the following material statements of fact and law are frivolous and/or proffered for improper purposes and/or false:

   a. At the hearings on January 5, 2012 and March 1, 2012, and in the documents identified in Para. 10, Subpara. a & d & j & m & t above, LMF's assertion that a continuance of a 341 meeting automatically constitutes "cause" for an extension as a matter of law;

   b. At the hearings on January 5, 2012 and March 1, 2012, and in the documents identified in Para. 10, Subpara. a & d & j & m & t above, LMF's assertion that this particular continuance of this particular 341 meeting under these particular circumstances constituted "cause" for an extension;

   c. At the hearings on January 5, 2012 and March 1, 2012, and in the documents identified in Para. 10, Subpara. a & d & j & m & t above, LMF's assertion that "cause" is virtually meaningless;

9

**d.** At the hearings on January 5, 2012 and March 1, 2012, and in the documents identified in Para. 10, Subpara. j & m & t above, LMF's assertion that a creditor satisfies its due diligence requirements for an extension by merely attending a 341 meeting;

**e.** At the hearing on March 1, 2012, and in the documents identified in Para. 10, Subpara. j & m & t above, LMF's assertion that a creditor may file its complaint whenever it likes as long as its motion to extend remains pending;

**f.** At the hearing on March 1, 2012, and in the documents identified in Para. 10, Subpara. a & d & j & m & t above, LMF's assertion that a creditor satisfies its due diligence requirement when it initiates discovery more than seven (7) months after the filing deadline;

**g.** In all documents filed after August 1, 2012, LMF's failure to correct the Court's erroneous decision of August 1, 2012 (Adv.Dkt. #40 & #41) based upon LMF's false statements referenced in subparagraphs a - f above;

**h.** At the hearing on March 1, 2012 and in the document identified in Para. 10, Subpara. d & j & m & t above, LMF's failure to disclose <u>Orange Theatre Corp. v. Rayhertz Amusement Corp.</u>, 130 F.2d 185 (3rd Cir. 1942), and its decision to falsely imply that its contract theory was superfluous, rather than frivolous and false;

**i.** At the hearing on March 1, 2012, and in the document identified in Para. 10, Subpara. j & m & t above, LMF's assertion that an agreement among attorneys may constitute "cause" for an extension of the time to plead despite the Third Circuit's contrary authority in <u>Orange TheatreCorp. v. Rayhertz Amusement Corp.</u>, 130 F.2d 185 (3rd Cir. 1942) that an agreement among attorneys cannot constitute "cause" for an extension of the time to plead;

**j.** In the document identified in Para. 10, Subpara. t above, LMF's assertion that the Third Circuit's holding in <u>Orange Theatre</u> that an agreement among attorneys <u>cannot</u> constitute "cause" does not apply when there is an agreement among attorneys;

**k.** At the hearings on January 5, 2012 and March 1, 2012, and in the documents identified in Para. 10, Subpara. a & d & j & m & t above, LMF's representations that it delayed filing its Complaint (Adv.Dkt. #1) because it was reviewing our production to the Trustee;

**l.** At the hearings on January 5, 2012 and March 1, 2012, and in the documents identified in Para. 10, Subpara. a & d & j & m & t above, LMF's representations that it delayed filing its Complaint (Adv.Dkt. #1) because it was investigating its claims and/or deciding whether or not to proceed;

**m.** At the hearing on March 1, 2012, Mr. Goodchild's testimony that he and Ms. Spott conspired to hide Ms. Spott's involvement in the disputed Stipulation OR Mr. Goodchild's mutually-exclusive corroboration of Ms. Spott's representations to the Court that she "misunderstood" the disputed Stipulation (Dkt. #40) at the hearing on January 5, 2012;

**n.** In the documents referenced in Para. 10, Subpara. i, m, p & t above, LMF's assertion that transferring assets from one of Ms. Paige's accounts to another of her accounts constitutes a transfer for the purposes of 727;

**o.** In the documents referenced in Para. 10, Subpara. i, m, p & t above, LMF's assertion that transferring assets from one of Ms. Paige's accounts on Schedule A of her filing to another of her accounts on Schedule A of her filing constitutes a transfer for the purposes of 727;

**p.** In the documents referenced in Para. 10, Subpara. i, m, p & t above, LMF's assertion that one may conceal transactions for the purposes of its invocation of the "continuous concealment document" by disclosing them in a previous litigation;

**q.** In the documents referenced in Para. 10, Subpara. i, m, p & t above, LMF's assertion that a "habit" of lawful transfers before the relevant timeframe implies unlawful transfers during the relevant time frame for the purposes of 11 U.S.C. 727;

**r.** In the documents referenced in Para. 10, Subpara. i, m, p & t above, LMF's assertion that we had the requisite intent under 11 U.S.C. 727 despite LMF's admission that the transfers began LONG BEFORE any dispute between the parties and, thus, LONG BEFORE any conceivable motive to conceal assets;

**s.** In the documents referenced in Para. 10, Subpara. i, m, p & t above, LMF's assertion that payments to creditors constitute a fraudulent conveyance, rather than a preference, for the purposes of 727;

**t.** In the documents referenced in Para. 10, Subpara. i, m, p & t above, LMF's assertion that it had reason to believe or suspect that any of the creditors we paid - like the federal government and American Express - were secretly controlled by us and, thus, the sort of third-party anticipated by 11 U.S.C 727 or described in the authorities cited by LMF in the aforementioned filings;

**u.** In the documents referenced in Para. 10, Subpara. m - t (inclusive), LMF's assertion that its own pleadings created a genuine issue of material fact;

**v.** In the documents referenced in Para. 10, Subpara. m - t (inclusive), LMF's assertion that its own subjective disagreement with the Trustee's conclusions created a genuine issue of

material fact despite Fed.R.Evid. 803(8), particularly given the Court's and LMF's previous reliance upon those same conclusions;

w. In the documents referenced in Para. 10, Subpara. m - t (inclusive), LMF's attempt to invoke Fed.R.Civ.P. 56(f) without bothering to file the requisite affidavits and/or without bothering to explain why it believed additional discovery would shed light on its claims and/or without bothering to explain why it had not pursued discovery sooner;

x. At the hearing on August 15, 2012, LMF's decision to rest upon and, thus, to re-assert the frivolous and false arguments referenced in subpara. n - w above;

y. At the hearings on May 23, 2012, June 13, 2012, and August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i (inclusive), k - m (inclusive), & t above, LMF's assertion that its lawsuit against me, Christopher Paige, in Delaware's Chancery Court was simultaneously pending and final;

z. At the hearings on May 23, 2012, June 13, 2012, and August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i (inclusive), k - m (inclusive), & t above, LMF's assertion that anything in the Chancery Court's Opinion was preclusive against me, Christopher Paige;

aa. At the hearings on May 23, 2012, June 13, 2012, and August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i (inclusive), k - m (inclusive), & t above, LMF's assertion that all of the Chancery Court's statements were binding, rather than acknowledging the concept of dicta and attempting to apply that concept;

bb. At the hearings on May 23, 2012, June 13, 2012, and August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i (inclusive), k - m (inclusive), & t

13

above, LMF's assertion that a dismissal without prejudice is the legal equivalent of a determination of liability;

cc. At the hearings on May 23, 2012, June 13, 2012, and August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i (inclusive), k - m (inclusive), & t above, LMF's assertion that a holding under Virgin Islands law that Party A cannot re-litigate the validity of his marriage merely because property disputes remain outstanding suggests or implies that Party B cannot re-litigate a contract dispute under Delaware law merely because Party A lost;

dd. At the hearings on May 23, 2012, June 13, 2012, August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i (inclusive), k - l & t above, LMF's assertion that a judgment could be final against some parties and pending against other parties despite Del.Ch.Ct.R. 54(b);

ee. At the hearing on August 15, 2012, and in the documents referenced in Para. 10, Subpara. e, i, j -m above, LMF's assertion that Chris Paige and/or Michele Paige's actions were "intentional" within the meaning of 523(a)(6) despite the Chancery Court's holding to the contrary;

ff. In the documents referenced in Para. 10, Subpara. e, i, j -m above and assuming for the sake of argument that LMF's silence and/or its categorical oral "objection" preserved its objections to our arguments, LMF's implicit assertion that Chris Paige and/or Michele Paige's actions constituted "defalcation" within the meaning of 523(a)(4) despite the clear authorities to the contrary and despite LMF's failure to rebut our authorities. *See, e.g.,*

14

Debtors' Brief in Support of Debtors' First Dispositive Motion for Judgment on LMF's Counts I-IV, pp. 21-22 (Adv.Dkt. #22);

**gg.** In the documents referenced in Para. 10, Subpara. e, i, j-m above, LMF's assertion that Chris Paige and/or Michele Paige may be liable under 523(a)(4) despite LMF's allegations that their alleged fiduciary duties arose from their corporate capacities;

**hh.** In the documents referenced in Para. 10, Subpara. e, i, j-m above, LMF's assertion that Chris Paige and/or Michele Paige may be liable under 523(a)(4) despite the Chancery Court's holding that their alleged fiduciary duties arose from their corporate capacities;

**ii.** In its email attached to LMF's Reply Brief Stay (Adv.Dkt. #68) as Exhibit D, LMF's false statements to the Paiges that all litigation ended sometime before October 24, 2011, thereby cheating us out of our appeal;

**jj.** At the hearings on March 1, 2012, May 23, 2012, June 13, 2012, August 15, 2012, and in the documents referenced at Para. 10, subpara b - m (inclusive), LMF's assertion - without explanation or authority - that we misunderstood and/or misinterpreted the email referenced in subpara. ii above;

**kk.** In the documents referenced in Para. 10, Subpara. e, i, j-m above, LMF's assertion that Chris Paige and/or Michele Paige may be liable under 523(a)(6) despite the fact that they were acting on an objectively reasonable contractual interpretation;

**ll.** At the hearings on March 1, 2012, May 23, 2012, June 13, 2012, August 15, 2012, and in the documents referenced at Para. 10, subpara b - m (inclusive), LMF's assertion - without explanation or authority - that we unlawfully destroyed evidence and/or violated a court order;

**mm.** At the hearing on March 9, 2012, and in the documents referenced at Para. 10, Subpara, d & j & t above, LMF's assertion that it did not need to rely upon Fed.R.Bankr.P. 2004 because it was relying upon our production to the Trustee;

**nn.** At the hearing on March 1, 2012, and in the documents referenced at Para. 10, Subpara, d & j & t above, LMF's assertion that it failed to file its Complaint (Adv.Dkt. #1) on time because we did not produce the documents it had requested WITHOUT disclosing that the Trustee did not request those documents until the first 341 meeting AND WITHOUT disclosing that LMF neither requested nor reviewed those documents until long after it filed its Complaint (Adv.Dkt. #1);

**oo.** At the hearings on May 23, 2012, June 13, 2012, August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i, k - l & t above, LMF's assertion that a decision may be "final" for the purposes of preclusion, but "pending" for the purposes of the automatic stay;

**pp.** At the hearings on May 23, 2012, June 13, 2012, August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i, k - l & t above, LMF's assertion that a decision may be "final" for purposes of destroying evidence, but "pending" for the purposes of amending the judgment;

**qq.** At the hearings on May 23, 2012, June 13, 2012, and August 15, 2012, LMF's assertion that a decision may be "final" against some parties on some issues while pending against others on other issues, despite Del.Ch.Ct.R. 54(b);

Case 5:11-bk-05957-RNO    Doc 127    Filed 03/01/13    Entered 03/04/13 15:40:25    Desc

**rr.** In the document referenced at Para. 10, Subpara t above, LMF's failure to correct the Court's mis-impression that the disputed Stipulation (Dkt #40) eliminated a hearing that it - in fact - expressly required;

**ss.** In the document referenced at Para. 10, Subpara t above, LMF's failure to correct the Court's mis-impression that we consented to the disputed Stipulation (Dkt. #40) by consenting to Ms. Spott's Objection when you knew and were arguing that she had usurped us;

**tt.** On page 6 of the document referenced at Para. 10, Subpara. l above, LMF's reliance upon authorities that expressly contradicted its assertions. *See also* the document referenced in Para. 5, Subpara. u, Slides 130 - 133;

**uu.** At the hearing on August 15, 2012 and in the documents referenced in Para. 10, Subpara. e, i, j-m above, LMF's failure to disclose that the term "the Paiges" referenced Ms. Paige's corporate entities, not us personally, in the Chancery Court's Opinion;

**vv.** At the hearing on August 15, 2012, and in the documents referenced in Para. 10, Subpara. m - t (inclusive), LMF's assertion that it could pick and choose which portions of the Chancery Court's Opinion binding upon it;

**ww.** In any documents filed or in any hearings held after August 15, 2012, LMF's decision to continue litigating this case after this Court denied its Motion to Preclude, thereby denying the only theory LMF had pled and preserved and rejecting the only evidence LMF had proffered in defense of our Dispositive Motions;

**xx.** At the hearing on August 15, 2012, and in the documents referenced in Para. 10, Subpara. e, i, j -m above, LMF's assertion that Chris Paige and/or Michele Paige's actions were

"intentional" within the meaning of 523(a)(6) despite LMF's allegations that we relied upon the advice of counsel;

yy. At the hearing on August 15, 2012, and in the documents referenced in Para. 10, Subpara. e, i, j -m above, LMF's assertion that Chris Paige and/or Michele Paige's actions were "intentional" within the meaning of 523(a)(6) despite LMF's attempt to collect the attorneys fees we paid for the advice it frivolously denies we received;

zz. At the hearings on May 23, 2012, June 13, 2012, and August 15, 2012, and in the documents referenced in Para. 10, Subpara. b-c, e-i (inclusive), k - m (inclusive), & t above, LMF's assertion that it was a "judgment creditor" of me, Christopher Paige.

17. None of the aforementioned mis-statements of law and fact may be dismissed as arguments in the alternative and/or reasonable, good-faith arguments for an extension or modification of existing law for all of the following reasons:

a. None of the sanctionable factual assertions identified in Paragraph 12 above may be excused as arguments in the alternative because none of the aforementioned assertions were identified as arguments in the alternative; rather, LMF simply made different factual claims at different times without any attempt to warn the Court against unwittingly relying upon a factual assertion that LMF simultaneously asserted and denied;

b. None of the sanctionable arguments identified in Paragraph 12 above may be excused as reasonable, good-faith arguments for an extension or modification of existing law because none of the arguments identified the law they were attempting to modify and/ or extend, thereby violating the duty of candor to the tribunal;

18

c. None of the sanctionable arguments in Paragraph 12 above may be excused as reasonable, good-faith arguments for an extension or modification of existing law because LMF never bothered to provide any legal, logical, or policy arguments for its positions. At best, LMF simply and unlawfully made false assertions it hoped were true. *See, e.g.,* Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir. 1986);

d. LMF's actions were particularly egregious because LMF knew - or should have known - that the Court was relying upon its attorney as an officer of the court. *See, e.g.,* hearings of March 23, 2012, and June 13, 2012;

e. Even if LMF's sanctionable factual assertions were "true" in some technical sense, the reasonably foreseeable effect of its sanctionable factual assertions was to mislead the court, thereby violating Rule 9011. *See, e.g.,* Williamson v. Recovery Ltd. P'Ship, 542 F.3d 43, 51 (2nd Cir. 2008);

f. Even if LMF's sanctionable factual assertions and legal theories identified in Paragraph 4 above were reasonable at the time they were made, LMF did not have any basis in law, fact, or equity to persist *after* a reasonable person would have abandoned these assertions and theories. *See, e.g.,* Chase Manhattan Bank, N.A. v. Nemko, Inc. (In re Nemko, Inc.), 202 B.R. 673, 679 (D.N.Y. 1996);

g. Finally, the sheer volume of errors and the utter dearth of corrections and/or remorse prove these actions were willful and deliberate or - at the very least - the product of gross and wanton negligence morally and legally indistinguishable from intentional misconduct. This is particularly true where - as here - LMF did not even initiate

19

discovery until more than seven (7) months after the filing deadline, thereby proving its

ignorance of the relevant facts - if any - was willful ignorance.

18. As a matter of federal law and commonsense, the emails of LMF's senior executives prove

that LMF's motives for its actions were - at least in part - to discriminate against my wife on

the basis of gender and to retaliate against me, Christopher Paige, for opposing their

discrimination. *See* Debtors' Exhibit 1 from Hearing of August 15, 2012, Slides #158-159.

19. According to this Court, sanctions for violations of Fed.R.Bankr.P. 9011 are mandatory.

Hannon v. Countrywide Home Loans, Inc. (In re Hannon), 421 B.R. 728, 734 (Bankr.M.D.Pa.

2009) ("In fact, should I find a violation of Rule 9011, I am *required* to issue a sanction.")

[emphasis in the original]. Likewise, this Court previously held that its inherent powers exist

to punish, and thereby deter, any and all misconduct that transcends any particular rule. *See,*

*e.g.*, Hannon v. Countrywide Home Loans, Inc. (In re Hannon), 421 B.R. 728, 734-5

(Bankr.M.D.Pa. 2009); Simon v. FIA Card Servs., N.A., 2012 U.S. Dist LEXIS 98225, *9 n. 2

(D. N.J. 2012) (citing B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 240-41

(B.A.P. 9th Cir. 2008)).

20. This Court's sanctions must be sufficient to deter LMF and/or its would-be imitators; given

LMF's prominence, wealth, audacity, and viciousness, this Court must impose the traditional

penalty of treble damages and/or a similarly severe sanction. More specifically, this Court

should impose sanctions equal to the following:

    a. Three times the amount LMF attempted to steal from us, OR

    b. Three times the wages we lost as a result of LMF's frivolous and malicious

      prosecution, AND/OR

20

**c.** Three times the emotional and physical damages LMF's frivolous and malicious prosecution inflicted upon us, AND/OR

**d.** Three times the value of the legal services we provided to defeat LMF's frivolous and malicious prosecution, OR

**e.** Three times the legal expenses LMF either incurred or expected to incur to prosecute its frivolous and malicious action, OR

**f.** The aforementioned damages, non-trebled, OR

**g.** An amount sufficient to deter LMF and/or its would-be imitators in light of the Chancery Court's previous holding that even a one (1) billion loss would not affect LMF's behavior and in light of the enormous sums LMF actually spent to injure us, which were - therefore - insufficient to deter it.

**21.** No non-monetary sanction would be sufficient because we are entitled to prevail on the merits, so dismissal and/or evidentiary rulings would be superfluous. *See generally* Debtors' Dispositive Motions (Adv.Dkt. #20, Adv.Dkt. #22 - Adv.Dkt. #33) (inclusive). Furthermore, LMF's unlawful design was to injure us monetarily; consequently, any non-monetary sanction would permit LMF to satisfy its unlawful desires by achieving its unlawful purpose. Finally, LMF's misconduct inflicted immediate, irreparable consequences that only *monetary* sanctions can ameliorate.

**22.** Particularly in the context of bankruptcy, this Court cannot declare "open season" on *pro se* debtors. Congress did not intend - and logic does not suggest - that people too poor to pay for attorneys are beneath the law's protection. We have been injured through LMF's

Case 5:11-bk-05957-RNO    Doc 127    Filed 03/01/13    Entered 03/04/13 15:40:25    Desc
Main Document      Page 21 of 26

misconduct; other than this Court, we have no means of redress; consequently, this Court can and must act, even if Rule 9011 does not allow monetary sanctions for *pro se* parties.

**WHEREFORE**, the Debtor-Defendants respectfully request that this Court impose sanctions upon LMF and/or Morgan Lewis and/or Mr. Goodchild equal to three (3) times the amount requested by LMF in its Complaint (Adv.Dkt. #1) or another amount this Court deems sufficient to deter LMF and compensate us for our emotional and financial damages and/or that this Court grant any and all other relief it deems necessary - including, but not limited to a referral to the U.S. attorney for criminal prosecution and/or to the bar association for suspension and/or disbarment proceedings.

Dated: March 1, 2013                    Respectfully submitted,

Christopher Paige
Debtor-Defendant
*Pro Se*
75 78 177th St.
Fresh Meadows, NY 11366
718.591.6355

Michele Paige
Debtor-Defendant
*Pro Se*
75 78 177th St.
Fresh Meadows, NY 11366
718.591.6355

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                )
                                      )
CHRISTOPHER PAIGE and                 )      Chapter 7
MICHELE PAIGE,                        )
                                      )      Case No. 5:11-bk-05957-JJT
                  Debtors             )
                                      )
_____)_____
                                      )
CHRISTOPHER PAIGE                     )
MICHELE PAIGE,                        )
                                      )
                                      )
                  Defendants/Movants  )
                                      )
            vs.                       )
                                      )
LMF,                                  )      Adv. No. 12-ap-00067-JJT
                                      )
                                      )
                  Plaintiff/Respondent )
_____)_____

## PROPOSED ORDER

Upon due consideration of the parties' filings and oral arguments, this Court hereby

GRANTS the Debtor-Defendants' Motion for Sanctions and imposes sanctions upon Mr.

Goodchild, Morgan Lewis, and LMF as follows:

(a) Three times the amount LMF demanded in its Complaint (Adv.Dkt. #1) or $_____,

   AND

(b) The Clerk of this Court is directed to send a copy of this Record to the Pennsylvania Bar's

   Disciplinary Committee and to the U.S. Attorney for further investigation.

23

**IN WITNESS WHEREOF**, I hereby affix my signature:


Dated: March __, 2013

Judge John J. Thomas
U.S. Bankruptcy Court for the
Middle District of Pennsylvania

**Dated:** March _1_, 2013        Respectfully submitted,

Christopher Paige
Debtor-Defendant
*Pro Se*
75 78 177th St.
Fresh Meadows, NY 11366
718.591.6355


Michele Paige
Debtor-Defendant
*Pro Se*
75 78 177th St.
Fresh Meadows, NY 11366
718.591.6355

25

## CERTIFICATE OF SERVICE

Under penalty of perjury, I hereby attest that I served a true and correct copy of the foregoing Motion - including any exhibits thereto - upon the person(s) identified below on the date provided below via first-class U.S. mail, postage prepaid:

John Goodchild, Esq.
Morgan Lewis
1701 Market St
Philadelphia, PA 19103-2921

**Dated:** March _1_, 2013          Respectfully submitted,

Christopher Paige
Debtor-Defendant
*Pro Se*
75 78 177th St.
Fresh Meadows, NY 11366
718.591.6355

Case 5:11-bk-05957-RNO    Doc 127    Filed 03/01/13    Entered 03/04/13 15:40:25    Desc
Main Document      Page 26 of 26